## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6638 | **DATE** | 1/14/2008 |
| **CASE TITLE** | Jahari Nessor Oba El Bey vs. State of Illinois | | |

**DOCKET ENTRY TEXT**

The court, on its own motion, dismisses plaintiff Jahari Nessor Oba El Bey's complaint with prejudice for failure to state a claim. 28 U.S.C. 1915(e)(2)(B) (2006). Plaintiff's motion to proceed in forma pauperis [4] is denied as moot. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.
Mail AO 450

### STATEMENT

Pro se plaintiff Jahari Nessor Oba El Bey (agent of Howard L. King) seeks leave to proceed *in forma pauperis*. This court has the power to screen complaints filed by all litigants prior to service and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B) (2006); *see also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (district courts have the power to screen complaints filed by all litigants regardless of fee status). Because plaintiff is proceeding pro se, the court has construed his complaint liberally.

Plaintiff's allegations stem from a case or cases that were before Illinois state court judges. Although the complaint names the State of Illinois, plaintiff seeks monetary damages from "both the judge(s) and the court for the injury and damages [they] have caused him" in certain state court proceedings. Compl. ¶ 12. Plaintiff has attached a transcript of a state court proceeding regarding a domestic battery charge against plaintiff. In sum and substance, plaintiff is alleging that "the judge(s)" failed to honor their oaths of office by not upholding plaintiff's constitutional rights throughout these proceedings.

28 U.S.C. 1915(e)(2)(B) provides that a court shall dismiss a case if the case is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. First, the Eleventh Amendment bars private litigants' suits against nonconsenting states in federal courts. *See Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Second, it is well established that a judge is immune from civil suits for actions arising from his judicial acts. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Although it is not clear which judges plaintiff seeks to name, the specific allegations in plaintiff's complaint all relate to judicial acts during the course of state court proceedings. For example, plaintiff states that he "received no justice regarding Civil Case Numbers: YG-858337, YG858338, YG-858339 from the presiding judge(s) due to the negation of [plaintiff's] rights." Because plaintiff is seeking monetary relief from defendants who are immune from such

**STATEMENT**

relief, the court is compelled to dismiss plaintiff's case with prejudice.